THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| QUINTIS REAMS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | 7:19-cv-00053-HL |
| v. ) | |
| ) | |
| MICHAEL ANGELO RESTAURANT, ) | JURY TRIAL DEMANDED |
| INC., and MICHAEL REGINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AMENDED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Quintis Reams ("Plaintiff"), and Defendants Michael Angelo Restaurant and Michael Regina ("Defendants") (Plaintiff and Defendants collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

I.     **<u>Legal Principles</u>**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to

> reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties vigorously dispute the number of overtime hours Plaintiff worked during his employment, as well as whether Plaintiff received the required rate for overtime hours. The Parties further dispute whether liquidated damages are appropriate. Defendants contend that they can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate. The Parties also dispute the applicable statute of limitations for Plaintiff's claim as Defendant contends

Plaintiff is subject to a two-year statute of limitations. The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  The Parties' counsel discussed the disputed factual and legal issues over the phone and over electronic mail.  The parties ultimately mediated this matter with Lee Parks, a seasoned mediator well versed in this area of law.  The Parties formulated and exchanged their own proposed settlement figures.  The Parties then engaged in settlement discussions, based upon their independent calculations.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations.  All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A".[1]  During the three years preceding the filing of Plaintiff's overtime claim on April 11, 2019 (the maximum potential statutory period for his claim), Plaintiff contends that he was paid less than time and a half his regular hourly rate for the overtime hours he claims to have worked.  During the three-year lookback period, Plaintiff's regular hourly rate ranged from $10.00 to $12.50. Plaintiff's regular work schedule

---

[1] The parties have also resolved Plaintiff's FLSA retaliation agreement by separate agreement given that FLSA retaliation claim settlements are not subject to the Court approval requirement.

consisted of 40, or less hours per week. Plaintiff contends that he was required to work additional hours beyond his regular schedule "off the clock" and that Defendants paid him cash wages at less than time and a half his regular rate for such hours.

Through the course of negotiations at mediation the parties have reached a settlement that provides Plaintiff with $11,064.78, less applicable wage withholdings on half this amount. Of the total amount Plaintiff is receiving, half of the amount ($5,532.39) has been allocated to alleged unpaid overtime wages and the remaining half ($5,532.39) has been allocated to liquidated damages.

This amount equates to payment for approximately 660.5 overtime hours and full liquidated damages for such hours if, for the sake of compromise of disputed facts, Plaintiff was paid $10.00 an hour for overtime hours and using a blended regular hourly rate of $12.25 for ease of calculation.[2] The parties agree that the amount being paid to Plaintiff under this settlement very reasonably compensates Plaintiff for any overtime hours he claims to have worked for less than the required rate. Based on Defendants' calculations, Defendants assert that the full value of

---

[2] Plaintiff's required overtime rate for a regular hourly rate of $12.25 would be $18.37. Plaintiff contends that he was paid cash wages for overtime hours at less than time and a half his regular hourly rate. Using a $10.00 amount paid for the sake of compromise on a disputed factual issue, Plaintiff would be owed $8.37 per hour for any overtime hours paid at that rate. Thus, using these figures, the $11,064.77 is receiving equates to payment of 660.5 overtime hours and full liquidated damages.

Ream's claims equals $3,499.58 if Plaintiff Reams was successful on all assertions. If Defendants are successful, the value of Plaintiff Reams' claims would be $0.00.

Pursuant to Plaintiff's contingency fee agreement, Plaintiff's counsel will receive $8,000 in attorneys' fees, which is less than the amount of time counsel has incurred in representing Plaintiff, and $935.22 in expenses.

Per the Court's directive, Plaintiff provides the following additional analysis regarding counsel's time incurred in this matter. Counsel's certification that the work itemized has in fact been performed is "entitled to considerable weight on the issue of time required." *Perkins v. Mobile Hous. Bd.,* 847 F.2d 735, 738 (11th Cir. 1988); *Frazier v. Wurth Indus. of N. Am., LLC,* 2009 U.S. Dist. LEXIS 94444 (N.D. Ga. 2009). Indeed, this Circuit has stated that "[s]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case and, therefore, it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins,* 847 F.2d at 738.

In making a fee request, "[c]ounsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

unnecessary." *Hensley,* 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Counsel should provide in the fee request the hours spent "with sufficient particularity."[3] *ACLU v. Barnes,* 168 F.3d 423,427 (11th Cir. 1999).

The Court has determined that "compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorney's fees." *Weissinger,* 2009 U.S. Dist. LEXIS 56789 (internal citations omitted).

Plaintiff's attorneys and support staff have maintained detailed, accurate and contemporaneous records of time spent working in this matter, which are attached hereto as "Exhibit C". Plaintiff's attorneys further submit that they did not perform any redundant, excessive, or otherwise unnecessary work in the representation and that all of the work performed was reasonably necessary to properly represent Plaintiff.[4]

---

[3] Plaintiff notes that all of the caselaw cited regarding the lodestar method for calculating fees deals with determining the amount of fees to assess against a party that has not agreed to pay the fee at issue. Plaintiff's counsel submits that the lodestar analysis should not apply in determining whether a fee determined by a contingency agreement as part of a negotiated settlement so long as the contingency percentage is reasonable.

[4] Exhibit B – Decl. of V. Severin Roberts.

When determining the fees to assess against a party outside of the context of a negotiated settlement, "[a] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The prevailing attorneys' own customary or usual billing rates are an important factor to be considered by the court. *Blum*, 465 U.S. 886, 895; *Weissinger*, 2009 U.S. Dist. LEXIS 56789 ("The applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his market rate").

Plaintiff's counsel has recited in detail his experience and background in the attached declaration. In *Brown v. Refuse Materials, Inc.*, an FLSA action, this Court requested additional information to approve an FLSA settlement, including Plaintiff's attorneys' hourly rates. Civil Action No. 7:13-cv-37 (HL) (2014). Attorney Roberts provided his previous $300 hourly rate, as of close to six years ago, to the Court in the *Brown* action. *Id.*. The Court approved Plaintiff's motion for settlement approval in *Brown* after receiving counsel's supplementation on rates and hours incurred in the representation.

As of August 5, 2019, Plaintiff's counsel and support staff had incurred 43.75 hours of work in the representation of Plaintiff resulting in $9,708.75 in fees based on their respective hourly rates set forth in the table below. While Plaintiff's counsel

presently charges $400.00 per hours for services, Plaintiff herein provides the Court with the value of time associated with a $300.00 rate for Attorney Roberts. As to the $125.00 rate associated with Paralegal Linda Petmecky, the Court has previously held a $125.00 paralegal as reasonable in the Middle District of Georgia. See *Oconee Cty. Sch. Dist. v. A.B.*, No. 3:14-CV-72 (CDL), 2016 U.S. Dist. LEXIS 1788, at *5 (M.D. Ga. Jan. 7, 2016).

| Timekeeper | Role | Hours Spent | Hourly Rate | Total |
| --- | --- | --- | --- | --- |
| V. Severin Roberts | Attorney | 24.30 | $300.00 | $7,290.00 |
| Linda Petmecky | Paralegal | 19.35 | $125.00 | $2,418.75 |

### III.  Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss this action, with prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "D" hereto.

Respectfully submitted, this 9th day of December, 2019.

**BARRETT & FARAHANY, LLP**

*/s/ V. Severin Roberts*  
V. Severin Roberts  
Georgia Bar No. 940504

/s/ *C. Jason Willcox*  
C. Jason Willcox  
Georgia Bar No.: 760322

| | |
|---|---|
| Attorney for Plaintiff<br>Barrett & Farahany, LLP<br>1100 Peachtree Street, NE<br>Suite 500<br>Atlanta, Georgia 30309<br>(404) 214-0120<br>(404) 214-0125 (facsimile) | Attorney for Defendants<br>Moore Clarke DuVall & Rodgers, P.C.<br>2829 Old Dawson Road (31707)<br>Post Office Drawer 71727<br>Albany, Georgia 31708<br>(229) 888-3338<br>(229) 888-1191 (facsimile) |

\*With permission by VSR

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| QUINTIS REAMS, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) 7:19-cv-00053-HL |
| v. | ) |
| | ) |
| MICHAEL ANGELO RESTAURANT, | ) JURY TRIAL DEMANDED |
| INC., and MICHAEL REGINA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Joint Motion for Settlement Approval with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 9th day of December, 2019.

                                               s/V. Severin Roberts
                                               V. Severin Roberts
                                               Georgia Bar No. 940504

BARRETT & FARAHANY
1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
Email: vsroberts@bf-llp.com