# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **QUINTIS REAMS**, <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL ANGELO RESTAURANT, INC. AND MICHAEL REGINA,** <br><br> Defendants. | Civil Action No. 7:19-CV-53 (HL) |

## ORDER

Before the Court is Plaintiff Quintis Reams and Defendants Michael Angelo Restaurant, Inc. and Michael Regina's (collectively as "Parties") Amended Joint Motion to Approve Settlement Agreement. (Doc. 16). Plaintiff is an employee of Defendant. (Compl. ¶ 5). The Parties' proposed settlement agreement seeks to resolve Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201, *et seq*. Plaintiff alleges that Defendants failed to pay his overtime wages. *See* (Compl. ¶¶ 16–21). The FLSA imposes a duty on this Court to review the proposed settlement agreement for fairness. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–54 (11th Cir. 1982). When the Court first took up this matter, it determined that the evidence in the record was insufficient to examine the settlement's proposed attorney's fee award. The Court ordered the Parties to amend their settlement agreement and to include

information reflecting the number of hours Plaintiff's counsel expended on this matter and his hourly rate. (Doc. 13). Accordingly, the Parties filed an amended settlement agreement. (Doc. 14). Plaintiff's counsel submitted his billing records for this matter along with a declaration informing the Court of his hourly rate and experience with FLSA claims. (Docs. 16-2, 16-3). The Court then held a telephone conference with the Parties to discuss whether Plaintiff would receive liquidated damages. (Doc. 15). The Parties filed a second amended settlement agreement addressing Plaintiff's liquidated damages award. (Doc. 16). Having reviewed the Parties' amended settlement agreements, the Court can complete its fairness inquiry.

## I. Discussion

Section 207 of the FLSA requires employers to pay their employees one and a half times their regular hourly rate for hours the employees work overtime, exceeding the standard forty-hour workweek. 29 U.S.C. § 207. If employers violate this provision, employees may sue to recover their unpaid overtime wages. 29 U.S.C. § 216(b). The FLSA allows plaintiff-employees and defendant-employers to enter into negotiated settlement agreements to resolve claims for unpaid wages. *Id*. Congress recognized, however, that "there are often great inequalities in bargaining power between employers and employees." *Lynn's Food Stores, Inc.*, 679 F.2d at 1352. Consequently, the Act's provisions require judicial review and approval of such settlement agreements. *Id*. at 1353. Before a

district court can enter the parties' "stipulated judgment," it must first "scrutiniz[e] the settlement for fairness." *Id.* Courts must evaluate whether the negotiation process and resulting settlement agreement are fair and reasonable to plaintiff. *Id.* at 1355. Judicial scrutiny is not limited to the plaintiff's award. Courts must also review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

If the proposed settlement agreement reflects "a fair and reasonable resolution of a bona fide dispute," a court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354, 1355. Here, the Parties identified the following bona fide disputes: whether Plaintiff received the statutory rate for his overtime hours; the number of overtime hours Plaintiff worked; the applicable statute of limitations; and whether Plaintiff is entitled to liquidated damages. (Doc. 12, p. 3). The Court evaluates the proposed settlement agreement and inquires into whether the settlement agreement fairly and reasonably compromises these disputed issues.

### A. Damages Award

The FLSA instructs that employees not paid overtime wages receive damages in the amount of their unpaid overtime compensation, plus an additional, equal amount of liquidated damages. 29 U.S.C. § 216(b). The

Supreme Court wrote nearly seventy-five years ago that the FLSA's primary purpose is "to aid the unprotected, unorganized and lowest paid of the nation's working population." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n.18 (1945). The liquidated damages clause enforces the Act's purpose; it deters employers from exploiting their employees by threating additional damages. *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 804 (11th Cir. 2015) ("[T]he FLSA has a deterrent purpose."); *Brooklyn Sav. Bank*, 324 U.S. at 710 ("[T]hat [employers] cannot escape liability for liquidated damages . . . tends to [e]nsure compliance."). An employer's good faith is the only exception to liquidated damages. *See* 29 U.S.C. § 260; *Spires v. Ben Hill Cty.*, 980 F.2d 683, 689 (11th Cir. 1993) ("[L]iquidated damages are mandatory absent a showing of good faith.").[1] Thus, without a showing of the employer's good faith, the proposed settlement agreement must include an award for both the plaintiff's unpaid wages and liquidated damages.

---

[1] The cited cases address liquidated damages in the context of trial, rather than settlement agreements. Other courts in this circuit interpret the statutory requirement to apply to settlement agreements. *See e.g., Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 (WLS), 2013 WL 5933991, at * 2 (M.D. Ga. Nov. 1, 2013) ("The parties do not state whether Plaintiff is receiving liquidated damages, or if he is not, the reasons why. Without clarification . . . the Court cannot approve the proposed settlement agreement."); *Grimes v. Se. Rests. Corp.*, No. 1:12-CV-150 (WLS), 2013 WL 4647374, at *2 (M.D. Ga. Aug. 29, 2013) (approving settlement where it awarded "Plaintiff $1,500 in back pay and $1,500 for 'non-monetary damages,'" which satisfied the liquidated damages requirement).

The Settlement Agreement and Release before the Court requires Defendants to pay $20,000. (Doc. 16-1, p. 1). Of that sum, the settlement awards Plaintiff $11,064.78. (Doc. 16, p. 5). $5,532.39, or half of Plaintiff's recovery, represents payment for his unpaid overtime wages. (*Id.*). The other $5,532.39 is full payment for Plaintiff's liquidated damages. (*Id.*). The Parties arrived at the $5,532.39 award by first compromising on the number of overtime hours Plaintiff worked and the hourly wage owed to him. (*Id.* at 5–6). Plaintiff's regular hourly wage was $12.25 when he worked for Defendants. (*Id.* at p. 5, n. 2). Therefore, his overtime hourly wage would have been $18.37. (*Id.*). Plaintiff argues that Defendants paid him cash for his overtime wages, and that cash compensation was less than $18.37 per hour. (*Id.*). Defendants deny that they paid Plaintiff less than time and a half for his overtime hours. (*Id.*). To compromise the factual dispute, the Parties stipulate that Defendants paid Plaintiff $10 per hour cash for his overtime work, and Defendants owed Plaintiff $8.37 per hour in unpaid wages. (*Id.*). The Parties compromised on a total of 660.5 overtime hours. (*Id.*). The $5,532.39 award represents approximately $8.37 per hour paid for 660.5 overtime hours.[2] (*Id.*).

The Court finds that $5,532.39 reflects a reasonable compromise over the issues. Procedural safeguards ensured that the inherent "inequalities in

---

[2] $8.37 multiplied by 660.5 equals $5,528.38. Plaintiff's award compensates him four dollars above this amount.

bargaining power between employers and employees" did not taint their negotiation process. *Lynn's Food Stores, Inc.*, 679 F.2d at 1352. Plaintiff initiated suit, and the Parties resolved Plaintiff's claim within an adversarial context. *See id.* at 1354 (emphasizing that the "adversarial context" produces fair settlement agreements). Plaintiff was represented by counsel experienced in FLSA litigation at every stage of this dispute. *See id.* (finding that settlements are more likely to be fair when employees are "represented by an attorney who can protect their rights under the statute"). Plaintiff's counsel filed the Complaint, participated in settlement discussions and mediation, and drafted the proposed settlement agreement. (Roberts Decl. ¶ 4). Mediation provided neutral oversight for their negotiations. During mediation, each counsel "formulated and exchanged [his] own proposed settlement figures . . . based upon [his] independent calculations." (Doc. 16, p. 4). The Parties now represent that they both "voluntarily agreed to the terms of their settlement agreements." (*Id.*). Nothing before the Court suggests undue influence by the defendants-employers that could undermine the settlement's fairness. The Court, thus, has no reason to believe the Parties arrived at the settlement's unpaid wages award by means other than fairness.

The settlement awards Plaintiff an additional, equal amount of liquidated damages. (*Id.* at p. 5). This figure, of course, is fair because it is the full payment required by statute. 29 U.S.C. § 216(b). The Court accepts the Parties' stipulated settlement agreement to the extent of the Plaintiff's award.

### B. Attorney's Fee Award

For successful plaintiffs, the district court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* "The language of the statute contemplates that the wronged employee should receive his full wages plus the [liquidated damages] penalty without incurring any expense for legal fees or costs." *Silva*, 307 F. App'x at 351 (citations omitted). The Court must "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.*

Under the proposed settlement agreement, Plaintiff's counsel is to receive $8,000 in attorney's fees plus $935.23 for costs. (Doc. 16-1, p. 2). The Parties' Motion indicates that Plaintiff entered into a contingency fee agreement with his counsel, and the settlement's attorney's fee award merely reflects Plaintiff's contract. (Doc. 16, p. 6). That Plaintiff has consented to a fee agreement does not relieve this Court of its duty to review an attorney's fee award for reasonableness. *See Silva*, 307 F. App'x at 351 ("[A] contingency contract to establish [attorney's] compensation . . . is of little moment in the context of FLSA."). First, the FLSA's provisions are mandatory, and parties cannot contract around its requirements. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived . . . ." (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)).

7

Second, the Eleventh Circuit is wary of contingency fee agreements for FLSA settlements because the risk of conflict of interest. *See Silva*, 307 F. App'x at 351–52 ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee."). Therefore, the Court must assess the Parties' proposed attorney's fees award for reasonableness irrespective of a previously-agreed-upon contract between Plaintiff and Plaintiff's counsel.

Courts evaluate the reasonableness of attorney's fees using the "lodestar approach." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("The Supreme Court elected the lodestar approach because it produces a more objective estimate . . . ."); *see Walker v. Iron Sushi LLC*, 752 F. App'x 910, 912–16 (11th Cir. 2018) (per curiam) (applying the lodestar approach to a FLSA settlement agreement).[3] To calculate a lodestar figure, the Court

---

[3] Plaintiff's counsel contends that the Court should not apply the lodestar method, and the Court should instead assess only the reasonableness of the contingency fee's percentage. (Doc. 16, p. 7 n. 3). In the FLSA context, attorney's fees should never reduce the amount of Plaintiff's recovery. *See Silva*, 304 F. App'x at 351 ("[T]he statute contemplates that the wronged employee should receive his full wages . . . without incurring any expense for legal fees and costs.") (citations omitted). Attorney's fees are an additional obligation for employers-defendants, and they should not depend on the plaintiff's award. Thus, the Court must assess the attorney's fee award, rather than approve certain contingency fee percentages. In *Silva v. Miller*, 547 F.Supp.2d 1299, 1305–06 (S.D. Fla. 2008), the District Court rejected the proposed contingency fee award and applied the lodestar method. *aff'd*, 307 F. App'x 349 (11th Cir. 2009).

8

multiplies "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Counsel seeking fees bears the burden of producing evidence of his hourly rate and time spent on the litigation. *Norman*, 836 F.2d at 1303. If the court determines that counsel's evidence represents a "reasonable" hourly rate and amount of time expended on the matter, the court calculates the lodestar amount from those figures. Otherwise, the court has discretion to reduce an unreasonable hourly rate or number of hours expended. *See Walker*, 752 F. App'x at 913–16 (affirming district court's decision in its lodestar calculation to reduce the number of hours attorneys expended). Once the court determines a lodestar figure, it can compare the lodestar to the requested attorney's fee award and decide whether that request is reasonable.

**1. Reasonable Hours Expended**

Plaintiff's counsel submitted a Declaration detailing his hourly rate and time expended on the matter, along with his credentials and experience resolving FLSA claims. (Doc. 16-2). He also attached a billing record verifying the work he and his paralegal, Linda Petmecky, performed. (Doc. 16-3). Plaintiff's counsel represents that as of August 5, 2019, he and his "support staff had incurred 43.75 hours of work." (Doc. 16, p. 8). Only one attorney represented Plaintiff, and it appears that no duplicative billing occurred between counsel and Petmecky. *See Norman*, 836 F.2d at 1301–02 ("Redundant hours generally occur where

9

more than one attorney represents a client."). The majority of counsel's billing entries represent telephone and email communications to Plaintiff and Defendants. (Docs. 16-3, 16, p. 4). Counsel billed larger time blocks for work such as preparing for and attending mediation and drafting the settlement agreement. (Doc. 16-3). These tasks were necessary to resolve Plaintiff's claim, and counsel appears to have performed them efficiently. The Court finds that the number of hours expended on this matter is reasonable.

### 2. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community" for services provided by "lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Plaintiff's counsel charged a $300 hourly rate, and his paralegal billed $125 per hour. Counsel's experience warrants his rate: he has been a member of the Georgia Bar for ten years; he has participated in over 175 FLSA cases; and he has successfully litigated FLSA claims through summary judgment, trial, and appeal to the Eleventh Circuit. (Roberts Decl. ¶¶ 4–6); *see Lyles v. Burt's Butcher Shoppe & Eatery Inc.*, No. 4:10-CV-53 (CDL), 2011 WL 4915484, at *4, 9–10 (M.D. Ga. Oct. 17, 2011) (finding counsel's $300 hourly rate reasonable); *cf. Bullard v. 4D Foods Inc.*, No. 5:17-CV-102 (CAR), 2018 WL 7360630, at *2 (M.D. Ga. Jan. 24, 2018) (calling counsel's $350 hourly rate "high" for "the Middle District of Georgia"). In 2016, this Court found that a $75 hourly rate for paralegals was

reasonable in FLSA cases. *Chadwick v. Warren*, No. 7:15-CV-40 (HL), 2016 WL 320142, at *5 (M.D. Ga. Jan. 26, 2016) (rejecting $105 hourly rate sought for paralegal). Information regarding Petmecky's background is absent from the record, so the Court cannot find a $125 hourly rate reasonable based on her paralegal experience. *See O'Neal v. Norfolk S. R.R. Co.*, No. 5:16-CV-519 (MTT), 2018 WL 6005425, at *2 (M.D. Ga. Nov. 15, 2018) (approving paralegal's $150 hourly rate where paralegal's declaration showed she had "more than 20 years of experience in litigation"). The Court maintains that a $75 hourly rate is reasonable for paralegals in this Court's division, and accordingly, reduces Petmecky's hourly rate.[4] The Court otherwise finds that the hourly rate for Plaintiff's counsel is reasonable.

3. **Lodestar Calculation**

Having decided on reasonable hourly rates and number of hours expended, the Court now calculates the lodestar figure. Multiplying counsel's hourly rate of $300 by his 24.30 hours expended equals $7,290. Petmecky's hourly rate of $75 multiplied by her 19.35 hours expended is $1,451.25. Adding these figures together, the lodestar amounts to $8,741.25, exceeding the

---

[4] Counsel cites *Oconee Cty. Sch. Dist. v. A.B.*, No. 3:14-CV-72 (CDL), 2016 U.S. Dist. LEXIS 1788, at *5 (M.D. Ga. Jan. 7, 2016) to justify a $125 hourly paralegal rate. There, the court found that "$125 is a reasonable hourly rate for the time of Ms. Haury and Ms. Haverstick," two *attorneys* working on the case. *Id*. As to the paralegals, the court found that "$100 is a reasonable hourly rate." *Id*. That case was in Athens, Georgia, a more expensive legal market than this Court's division, Valdosta, Georgia.

11

settlement's proposed $8,000 attorney's fee award. The lodestar is "presumed to be the reasonable fee," and therefore, the settlement's proposed fee award, near the lodestar figure, is also reasonable. *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564–65 (1986) (citations omitted). The Parties agreed to award Plaintiff's counsel $935.22 for expenses. (Doc. 16, p. 6). Other than the requisite $400 filing fee, counsel has not presented evidence regarding this dollar figure. The Court, however, assumes mediation would constitute the bulk of his remaining expenses. The Court finds that the proposed settlement agreement's $8,000 attorney's fee award and $935.22 payment for counsel's expenses are reasonable.

## CONCLUSION

For the foregoing reasons, the Court finds that the Parties' proposed settlement agreement represents a "fair and reasonable" resolution of the Parties' bona fide disputes. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354, 1355. The Court hereby **GRANTS** the Parties' Amended Joint Motion to Approve Settlement Agreement. (Doc. 16). Defendants are **ORDERED** to pay Plaintiff and Plaintiff's counsel in accordance with their settlement agreement. Plaintiff's Complaint is **DISMISSED with prejudice.**

**SO ORDERED**, this 18th day of December, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**